IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 26-cv-02040-NRN

SEBASTIAN QUIROGA AREVALO,

     Petitioner,

v.

JUAN BALTAZAR, Warden of Denver Contract Detention Facility Processing Center,
ROBERT HAGAN, Denver Field Office Director, Enforcement and Removal Operations
U.S. Immigration and Customs Enforcement (USICE),
TODD M. LYONS, Acting Director, U.S. Immigration and Customs Enforcement,
MARKWAYNE MULLIN, Secretary of U.S. Department of Homeland Security, and
TODD BLANCHE, Acting U.S. Attorney General,

     Respondents.

---

## ORDER

---

**N. REID NEUREITER**
**United States Magistrate Judge**

This case is before the Court on Sebastian Quiroga Arevalo's ("Petitioner")

Petition for Writ of Habeas Corpus (the "Petition"). ECF No. 1. Petitioner is a detainee at

the Denver Contract Detention Facility in Aurora, Colorado. *Id.* ¶ 2. He contends that the

Respondents are improperly subjecting him to mandatory detention under 8 U.S.C. §

1225(b)(2). Instead, he says, 8 U.S.C. § 1226(a) governs his detention. Because this is

a fundamentally legal debate, there is no need for a hearing on the Petition. *See* 28

U.S.C. § 2243. For the reasons that follow, the Court **GRANTS IN PART** the Petition.

## BACKGROUND

This case is one of numerous cases in this District and across the country

seeking habeas relief for immigrants detained within the United States and denied bond

hearings under a new interpretation of 8 U.S.C. §§ 1225, 1226. *E.g.*, *Rivera v. Valdez*, No. 26-cv-01765-NRN, 2026 WL 1224072 (D. Colo. May 5, 2026); *Martinez v. Baltazar,* No. 26-cv-01313-NRN, 2026 WL 925537 (D. Colo. Apr. 6, 2026); *Olivas v. Baltazar*, No. 26-cv-00777-NRN, 2026 WL 672897 (D. Colo. Mar. 10, 2026), *Vasquez Gomez v. Bondi*, No. 26-cv-00489-NRN, 2026 WL 482677 (D. Colo. Feb. 20, 2026); *Diaz Marquez v. Baltasar*, No. 26-cv-00293-CYC, 2026 WL 370864 (D. Colo. Feb. 10, 2026); *Abarca v. Baltazar*, No. 25-cv-04086-CYC, 2026 WL 309198 (D. Colo. Feb. 5, 2026); *Hernandez-Redondo v. Bondi*, No. 25-cv-03993-2 PAB, 2026 WL 290989 (D. Colo. Feb. 4, 2026); *Jimenez Facio v. Baltazar*, No. 25-cv-03592-CYC, 2025 WL 3559128 (D. Colo. Dec. 12, 2025); *Garcia Cortes v. Noem*, No. 25-cv-02677-CNS, 2025 WL 2652880 (D. Colo. Sept. 16, 2025); *Batz Barreno v. Baltasar*, No. 25-cv-03017-GPG-TPO, 2025 WL 3190936 (D. Colo. Nov. 14, 2025); *Loa Caballero v. Baltazar*, No. 25-cv-03120-NYW, 2025 WL 2977650 (D. Colo. Oct. 22, 2025).

Petitioner is a Colombian citizen who entered the United States on or about February 2, 2022. ECF No. 1 ¶ 28. Upon entry in the United States, an asylum officer found that Petitioner demonstrated a credible fear of persecution or torture in Colombia and was granted parole that same day. *Id.* ¶¶ 28–29. As a condition of his parole, Petitioner was enrolled in the Alternatives to Detention ("ATD") program, including GPS electronic monitoring. Petitioner complied fully with all conditions of his parole and ATD enrollment for more than four years. He attended all required check-ins, maintained electronic monitoring, did not abscond, and committed no violations whatsoever. *Id.* ¶¶ 31–32. On April 14, 2022, Petitioner was issued a Notice to Appear ("NTA") and placed in removal proceedings. Petitioner subsequently filed for asylum. *Id.* ¶ 34. On October

31, 2024, an Immigration Judge ordered Petitioner removed from the United States after denying his application for asylum. On November 18, 2024, Petitioner filed an appeal of the Immigration Judge's decision to the Board of Immigration Appeals. That appeal is currently pending. Due to the pending appeal, there is no final order of removal. *Id.* ¶¶ 36–38. On May 3, 2026, while the appeal was pending, Petitioner was detained and arrested pursuant to a traffic stop and subsequently transferred to Immigration and Customs Enforcement ("ICE") custody. *Id.* ¶ 47. Petitioner was thereafter transferred to the Denver Contract Detention Facility in Aurora, Colorado, and has been held without bond since. *Id.* ¶ 51.

Petitioner argues that his detention violates his due process rights. He asks that he either be released from custody or granted a bond hearing. *Id.* at 37.

Respondents maintain that Petitioner is subject to mandatory detention under § 1225(b). Respondents' statutory interpretation has been rejected by this Court as well as almost every other judge in this District. *See Vasquez Gomez*, 2026 WL 482677, at *2; *Jimenez Facio*, 2025 WL 3559128, at *2 (recognizing that "every decision in this District addressing the issue" has determined that § 1225(b)(2)(A) does not apply to persons, like Petitioner, who have already been residing in the United States for years). Indeed, Respondents concede

> that until the Tenth Circuit rules on this issue, this Court's prior ruling on this issue would lead the Court to reach the same result here if the Court adheres to that decision, as the facts of this case are not materially distinguishable from that case for purposes of the Court's decision on the legal issue of whether Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2).

ECF No. 8 at 4.

**ANALYSIS**

A district court may grant a writ of habeas corpus to any person who demonstrates he is "in custody in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2241. This includes "[c]hallenges to immigration detention." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004). The individual in custody bears the burden of proving that their detention is unlawful. *Walker v. Johnston*, 312 U.S. 275, 286 (1941). To meet that burden, Petitioner argues, in part, that 8 U.S.C. § 1226(a) applies to him; "that aliens detained under § 1226(a) receive bond hearings at the outset of detention," *Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)); *see* 8 U.S.C. § 1226(a) (providing for discretionary detention); *see also* 8 C.F.R. § 1003.19 (providing framework for requesting a bond determination); and that he has received no such hearing.

As this Court and others in this District have repeatedly found in similar cases, Petitioner has met his burden showing that his continued detention without a bond hearing is unlawful. *See Diaz Marquez*, 2026 WL 370864, at *1 ("The Court remains firmly convinced that it and the other judges in the District who have addressed this issue have correctly decided those cases."). Accordingly, the Court finds that Petitioner has a statutory right to a bond hearing that has not been provided, in violation of Petitioner's Fifth Amendment substantive due process rights, *see Jimenez Facio*, 2025 WL 3559128, at *3 ("Resolution of the due-process question may be unnecessary[,] . . . [b]ut to the extent it is, 'the Court agrees with other courts that have, against substantially similar factual backgrounds, concluded that detention without a bond hearing amounts to a due process violation.'") (quoting *Garcia Cortes v. Noem*, No. 25-

4

cv-02677-CNS, 2025 WL 2652880, at *4 (D. Colo. Sept. 16, 2025)); and the INA, *see*

*Abanil v. Baltazar*, No. 25-cv-4029-WJM-STV, 2026 WL 100587, at *6 (D. Colo. Jan. 14,

2026) ("The Court joins its colleagues in this District and those courts across the country

that have concluded Respondents' interpretation of § 1225(b)(2)(A) is contrary to the

INA's plain text. As a consequence, the Court also concludes that Garcia Abanil's

detention pursuant to § 1225(b)(2)(A) violates the INA, and that he is instead properly

considered to be detained under § 1226(a).").

In support of their position, Respondents reference the Fifth Circuit's decision in

*Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. Feb. 6, 2026), and the Eighth

Circuit's decision in *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. Mar. 25, 2026).

Respondents accurately note that the Court has repeatedly rejected any reliance on

these courts' interpretation of the statute. *See, e.g., Solis-Gutierrez v. Mullin*, No. 26-cv-

01287-NRN, 2026 WL 925535, at *2 (D. Colo. Apr. 6, 2026). The Court also

acknowledges that in recent decision, Chief Judge Daniel D. Domenico found that the

petitioner was subject to mandatory detention under § 1225(b)(2)(A). *See Singh v.

Blanche*, No. 26-cv-00421-DDD-KAS, ECF No. 12 (D. Colo. Apr. 15, 2026). However,

the Court finds that Respondents have "present[ed] no argument for why these non-

binding decisions require the Court to reverse itself on this legal question." *Gregorio

Martinez Torres v. Bondi*, No. 26-cv-01062-CYC, 2026 WL 860425, at *1 (D. Colo. Mar.

30, 2026). Moreover, the Court notes that the Second and Sixth Circuits have forcefully

rejected Respondents' position. *See Barbosa da Cunha v. Freden*, --- F.4th ----, 2026

WL 1146044 (2d Cir. Apr. 28, 2026); *Lopez-Campos v. Raycraft*, No. 25-1965, --- F.4th

----, 2026 WL 1283891 (6th Cir. May 11, 2026). Given that "over ninety percent of

district court judges have sided with Petitioner," *Barbosa da Cunha*, 2026 WL 1146044, at *4, the Court finds no reason to reverse itself here.

Lastly, Petitioner requests attorney fees and costs. ECF No. 1 at 37. But D.C.COLO.LCivR 54.3(a) requires that "a motion for attorney fees . . . be supported by affidavit," and no such affidavit supported the request. Further, "a motion involving a contested issue of law shall . . . be supported by a recitation of legal authority in the motion." D.C.COLO.LCivR 7.1(d). As a result, the Court denies this portion of the Petition without prejudice. If the Petitioner chooses to file a motion for attorney fees, it must comply with all applicable rules and provide legal authority for the request. *See L.G. v. Choate*, 744 F. Supp. 3d 1172, 1187 (D. Colo. 2024).

### REMEDY

The Government submits that, if the Court agrees with Petitioner and determines he is detained under § 1226(a), "the appropriate relief is for the Court to direct a bond hearing be conducted pursuant to § 1226(a) before an immigration judge." ECF No. 8 at 4. The Court disagrees.

As recently put by one district judge in this Circuit,

> [a] bond hearing, which Petitioner is entitled to regardless, cannot cure the fact that he is detained while his conditional parole is still ongoing because it has not been properly terminated. Petitioner's . . . release is required to remedy the ongoing due process violation caused by Petitioner being detained while his conditional parole has not yet been terminated. The Court does not see how ordering another bond hearing would remedy a wrong that has been ongoing since the outset of Petitioner's re-detention.

*Singh v. Noem*, No. 26-cv-00427-KWR-KK, 2026 WL 766228, at *10 (D.N.M. Mar. 18, 2026). This view has been adopted by many courts across the country and in this District. *See Singh v. Valdez*, No. 26-cv-01109-WJM, 2026 WL 890240, at *5 (D. Colo. Apr. 1, 2026) (ordering petitioner's immediate release where petitioner was previously

6

released on parole); *Murzi v. Noem,* 2026 WL 395111, at *2 (D. Colo. Feb. 12, 2026) (same).

Here, Petitioner was already on conditional parole under § 1226(a) at the time of his arrest in February 2022. Petitioner argues, and Respondents do not contest, that there have been no changed circumstances that would warrant Petitioner's detention. Accordingly, the Court will order Petitioner's immediate release.

## CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that the Petition, ECF No. 1, is **GRANTED IN PART** as follows.

1) By no later than this Friday, May 29, 2026, Respondents shall **IMMEDIATELY RELEASE** Petitioner on his own recognizance, along with all his personal belongings, subject only to the conditions of his pre-existing conditional parole. No additional conditions of release shall be imposed on Petitioner by Respondents;

2) Respondents are **ENJOINED** from re-arresting or re-detaining Petitioner unless they demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that he is a flight risk or danger to the community such that his physical custody is legally justified. At any such bond hearing, Respondents shall bear the burden of proof, and Petitioner shall be allowed to have counsel present. This injunction shall remain in effect until such time as this Court, or the Tenth Circuit Court of Appeals, vacates this Order; and

3) Respondents shall file a status report on or before June 1, 2026 confirming that Petitioner has been released from custody.

Dated: May 27, 2026.

BY THE COURT:

N. Reid Neureiter
United States Magistrate Judge